# EXHIBIT "A"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

|  |  |
|---|---|
| RHONDA ABEL, as Proposed as Administrator of the Estate of RICHARD ABEL,<br><br>Plaintiff(s),<br><br>-against-<br><br>RUTLAND NURSING HOME, INC. d/b/a RUTLAND NURSING HOME, ABC CORPORATION, ABC PARTNERSHIP,<br><br>Defendant(s), | **SUMMONS**<br><br>Index No.:<br>Date Purchased:<br><br>Plaintiff designates **KINGS** County as the place of trial<br><br>The basis of venue is defendant **RUTLAND NURSING HOME, INC.**'s address:<br>585 Schenectady Avenue<br>Brooklyn, New York 11203 |

To the above named Defendants:

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorney within 20 days after the service of this Summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Melville, New York
April 1, 2022

NAPOLI SHKOLNIK, PLLC
*Attorneys for Plaintiff*

By:_____
Joseph Ciaccio
400 Broadhollow Road, Suite 305
Melville, New York 11747
T: 212-397-1000

Defendant's Address:

**RUTLAND NURSING HOME, INC. d/b/a RUTLAND NURSING HOME**
585 Schenectady Avenue, Brooklyn, New York 11203

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF KINGS**

RHONDA ABEL, as Proposed as Administrator of
the Estate of RICHARD ABEL,

Index No:

Plaintiff(s),

**VERIFIED**
**COMPLAINT**

-against-

RUTLAND NURSING HOME, INC. d/b/a
RUTLAND NURSING HOME, ABC
CORPORATION, ABC PARTNERSHIP

Plaintiff demands a
Jury Trial

Defendant(s)

Plaintiff, by her attorneys, NAPOLI SHKOLNIK PLLC, complaining of the defendants, respectfully alleges upon information and belief:

### THE PARTIES

1.     That at all times hereinafter mentioned, plaintiff's decedent, RICHARD ABEL, was a resident of the County of Kings, State of New York.

2.     That on April 2, 2020, plaintiff's decedent, RICHARD ABEL, died in the County of Kings, State of New York.

3.     That at all times hereinafter mentioned, plaintiff RHONDA ABEL is the daughter of the decedent, RICHARD ABEL, and is a resident of the State of New York, County of Kings.

4.     That at all times hereinafter mentioned, RICHARD ABEL and his next of kin are represented in this action by his daughter, RHONDA ABEL, as proposed Administrator of his Estate.

5.     This action is brought due to RICHARD ABEL dying as a result of defendant's

failure to protect its residents, including one RICHARD ABEL, from the SARS-Cov-2 ("COVID-19") virus before, during and throughout the outbreak and pandemic.

6.    This action falls within one or more exceptions as set forth in N.Y. Civil Practice Laws and Rules ("C.P.L.R.") Article 16.

7.    That at all times relevant hereto, the term "nursing home" shall refer to and include defendants RUTLAND NURSING HOME, INC., ABC CORPORATION and/or ABC PARTNERSHIP, the owner(s) and operator(s) of same, as well as any agents, representatives, employees, care givers, nurses, directors, doctors, physician's assistants, or staff members of said facility or corporations.

8.    Defendant RUTLAND NURSING HOME, INC. is located at 585 Schenectady Avenue, Brooklyn, New York 11203.

9.    That at all times hereinafter mentioned, upon information and belief, defendant RUTLAND NURSING HOME, INC. was and still is a domestic corporation, duly organized under and existing by virtue of the laws of the State of New York.

10.    That at all times hereinafter mentioned, upon information and belief, defendant RUTLAND NURSING HOME, INC. was and still is a foreign corporation, duly organized under and existing by virtue of the laws of the State of New York.

11.    That at all times hereinafter mentioned, upon information and belief, defendant ABC CORPORATION was and still is a domestic and/or foreign corporation, duly organized under and existing by virtue of the laws of the State of New York. ABC CORPORATION is designated with a fictitious name because its true identity and legal name is unknown to plaintiff at this time.

12. That at all times hereinafter mentioned, upon information and belief, defendants ABC PARTNERSHIP was and still is a domestic and/or foreign corporation, duly organized under and existing by virtue of the laws of the State of New York. ABC PARTNERSHIP is designated with a fictitious name because its true identity and legal name is unknown to plaintiff at this time.

13. That at all times hereinafter mentioned, upon information and belief, the defendant, RUTLAND NURSING HOME, INC., was and still is a business entity doing business within the State of New York.

14. That at all times hereinafter mentioned, upon information and belief, the defendant, ABC CORPORATION was and still is a business entity doing business within the State of New York.

15. That at all times hereinafter mentioned, upon information and belief, the defendant, ABC PARTNERSHIP was and still is a business entity doing business within the State of New York.

16. That at all times hereinafter mentioned, upon information and belief, defendant RUTLAND NURSING HOME, INC. maintained its principal place of business in the County of Kings, State of New York.

17. That at all times hereinafter mentioned, upon information and belief, defendant ABC CORPORATION maintained its principal place of business in the County of Erie, State of New York.

18. That at all times hereinafter mentioned, upon information and belief, defendant ABC PARTNERSHIP maintained its principal place of business in the County of Erie, State of

New York

19.    Prior to and at all times hereinafter mentioned, defendant RUTLAND NURSING HOME, INC., was authorized to do business and to operate a nursing home facility located at 585 Schenectady Avenue Brooklyn, New York 11203, County of Kings State of New York, known as RUTLAND NURSING HOME.

20.    Prior to and at all times hereinafter mentioned, defendant ABC CORPORATION was authorized to do business and to operate a nursing home facility located at 585 Schenectady Avenue, Brooklyn, New York 11203, County of Kings, State of New York, known as RUTLAND NURSING HOME.

21.    Prior to and at all times hereinafter mentioned, defendant ABC PARTNERSHIP was authorized to do business and to operate a nursing home facility located at 585 Schenectady Avenue, Brooklyn, New York 11203, County of Kings, State of New York, known as RUTLAND NURSING HOME.

22.    Prior to and at all times hereinafter mentioned, defendant RUTLAND NURSING HOME, INC. the owner of a certain nursing home facility located at 585 Schenectady Avenue, Brooklyn, New York 11203, County of Kings, State of New York, known as RUTLAND NURSING HOME.

23.    Prior to and at all times hereinafter mentioned, defendant ABC CORPORATION was the owner of a certain nursing home facility located at 585 Schenectady Avenue, Brooklyn, New York 11203, County of Kings, State of New York, known as RUTLAND NURSING HOME.

24.    Prior to and at all times hereinafter mentioned, defendant ABC PARTNERSHIP

was the owner of a certain nursing home facility located at 585 Schenectady Avenue, Brooklyn, New York 11203, County of Kings, State of New York, known as RUTLAND NURSING HOME.

25.     That at all times hereinafter mentioned, upon information and belief, defendant RUTLAND NURSING HOME, INC. was the lessor of the aforesaid nursing home facility.

26.     That at all times hereinafter mentioned, upon information and belief, defendant ABC CORPORATION was the lessor of the aforesaid nursing home facility.

27.     That at all times hereinafter mentioned, upon information and belief, defendant ABC PARTNERSHIP was the lessor of the aforesaid nursing home facility.

28.     That at all times hereinafter mentioned, upon information and belief, defendant RUTLAND NURSING HOME, INC. was the lessee of the aforesaid nursing home facility.

29.     That at all times hereinafter mentioned, upon information and belief, defendant ABC CORPORATION was the lessee of the aforesaid nursing home facility.

30.     That at all times hereinafter mentioned, upon information and belief, defendant ABC PARTNERSHIP was the lessee of the aforesaid nursing home facility.

31.     That at all times hereinafter mentioned, upon information and belief, defendant RUTLAND NURSING HOME, INC. maintained the aforesaid nursing home facility.

32.     That at all times hereinafter mentioned, upon information and belief, the defendant, ABC CORPORATION, maintained the aforesaid nursing home facility.

33.     That at all times hereinafter mentioned, upon information and belief, the defendant, ABC PARTNERSHIP, maintained the aforesaid nursing home facility.

34.     That at all times hereinafter mentioned, upon information and belief, defendant

RUTLAND NURSING HOME, INC. managed the aforesaid nursing home facility.

35. That at all times hereinafter mentioned, upon information and belief, the defendant, ABC CORPORATION, managed the aforesaid nursing home facility.

36. That at all times hereinafter mentioned, upon information and belief, the defendant, ABC PARTNERSHIP, managed the aforesaid nursing home facility.

37. That at all times hereinafter mentioned, upon information and belief, defendant RUTLAND NURSING HOME, INC. operated the aforesaid nursing home facility.

38. That at all times hereinafter mentioned, upon information and belief, the defendant, ABC CORPORATION, operated the aforesaid nursing home facility.

39. That at all times hereinafter mentioned, upon information and belief, the defendant, ABC PARTNERSHIP, operated the aforesaid nursing home facility.

40. That at all times hereinafter mentioned, upon information and belief, defendant RUTLAND NURSING HOME, INC. controlled the aforesaid nursing home facility.

41. That at all times hereinafter mentioned, upon information and belief, the defendant, ABC CORPORATION, controlled the aforesaid nursing home facility.

42. That at all times hereinafter mentioned, upon information and belief, the defendant, ABC PARTNERSHIP, controlled the aforesaid nursing home facility.

43. That at all times hereinafter mentioned, upon information and belief, defendant RUTLAND NURSING HOME, INC. supervised the aforesaid nursing home facility.

44. That at all times hereinafter mentioned, upon information and belief, the defendant, ABC CORPORATION, supervised the aforesaid nursing home facility.

45. That at all times hereinafter mentioned, upon information and belief, the defendant,

ABC PARTNERSHIP, supervised the aforesaid nursing home facility.

46. That at all times hereinafter mentioned, upon information and belief, defendant RUTLAND NURSING HOME, INC. inspected the aforesaid nursing home facility.

47. That at all times hereinafter mentioned, upon information and belief, the defendant, ABC CORPORATION, inspected the aforesaid nursing home facility.

48. That at all times hereinafter mentioned, upon information and belief, the defendant, ABC PARTNERSHIP, inspected the aforesaid nursing home facility.

49. Prior to and at all times hereinafter mentioned, defendant RUTLAND NURSING HOME, INC. had possession and control of the building and facilities where the aforesaid nursing home facility is located.

50. Prior to and at all times hereinafter mentioned, the defendant, ABC CORPORATION, had possession and control of the building and facilities where the aforesaid nursing home facility is located.

51. Prior to and at all times hereinafter mentioned, the defendant, ABC PARTNERSHIP, had possession and control of the building and facilities where the aforesaid nursing home facility is located.

52. That at all times relevant hereto, upon information and belief, defendant RUTLAND NURSING HOME, INC. owned the premises and appurtenances and fixtures thereto, located at 585 Schenectady Avenue, Brooklyn, New York 11203, County of Kings, State of New York.

53. That at all times relevant hereto, upon information and belief, defendant ABC CORPORATION owned the premises and appurtenances and fixtures thereto, located at 585

Case 1:22-cv-04503-KAM-VMS Document 1-1 Filed 08/01/22 Page 10 of 55 PageID #: 25
INDEX NO. 509554/2022
RECEIVED NYSCEF: 04/01/2022

Schenectady Avenue, Brooklyn, New York 11203, County of Kings, State of New York.

54. That at all times relevant hereto, upon information and belief, defendant ABC PARTNERSHIP owned the premises and appurtenances and fixtures thereto, located at 585 Schenectady Avenue, Brooklyn, New York 11203, County of Kings, State of New York.

55. Prior to and at all times hereinafter mentioned, the defendant, RUTLAND NURSING HOME, INC., was and still remains engaged in conducting and operating a nursing home facility known as RUTLAND NURSING HOME, located at 585 Schenectady Avenue, Brooklyn, New York 11203, County of Kings, and holds itself out to the general public as a facility providing such care and accommodations where patients can be treated by competent and skilled physicians and nursing staff to care for those who are ill.

56. Prior to and at all times hereinafter mentioned, the defendant, ABC CORPORATION, was and still remains engaged in conducting and operating a nursing home facility known as RUTLAND NURSING HOME, located at 585 Schenectady Avenue, Brooklyn, New York 11203, County of Kings, State of New York, and holds itself out to the general public as a facility providing such care and accommodations where patients can be treated by competent and skilled physicians and nursing staff to care for those who are ill.

57. Prior to and at all times hereinafter mentioned, the defendant, ABC PARTNERSHIP, was and still remains engaged in conducting and operating a nursing home facility known as RUTLAND NURSING HOME, located at 585 Schenectady Avenue, Brooklyn, New York 11203, County of Kings, State of New York, and holds itself out to the general public as a facility providing such care and accommodations where patients can be treated by competent and skilled physicians and nursing staff to care for those who are ill.

Case 1:22-cv-04503-KAM-VMS Document 1-1 Filed 08/01/22 Page 11 of 55 PageID #: 26
INDEX NO. 509554/2022

RECEIVED NYSCEF: 04/01/2022

58.     Prior to and at all times hereinafter mentioned, the defendant, RUTLAND
NURSING HOME, INC., was and still remains engaged in conducting and operating a nursing
home facility for nursing care known as RUTLAND NURSING HOME, located at 585
Schenectady Avenue, Brooklyn, New York 11203, County of Kings, State of New York, and
holds itself out to the general public as a facility providing such care and accommodations where
patients can be treated by competent and skilled physicians and nursing staff to care for those
who are ill.

59.     Prior to and at all times hereinafter mentioned, the defendant, ABC
CORPORATION, was and still remains engaged in conducting and operating a nursing home
facility for nursing care known as RUTLAND NURSING HOME, located at 585 Schenectady
Avenue, Brooklyn, New York 11203, County of Kings, State of New York, and holds itself out
to the general public as a facility providing such care and accommodations where patients can be
treated by competent and skilled physicians and nursing staff to care for those who are ill.

60.     Prior to and at all times hereinafter mentioned, the defendant, ABC
PARTNERSHIP, was and still remains engaged in conducting and operating a nursing home
facility for nursing care known as RUTLAND NURSING HOME, located at 585 Schenectady
Avenue, Brooklyn, New York 11203, County of Kings, State of New York, and holds itself out
to the general public as a facility providing such care and accommodations where patients can be
treated by competent and skilled physicians and nursing staff to care for those who are ill.

61.     Prior to and at all times hereinafter mentioned, the defendant, RUTLAND
NURSING HOME, INC., was and still remains engaged in conducting and operating a nursing
home facility for the rehabilitation care of ill and injured persons known as RUTLAND

Case 1:23-cv-04503-KAM-VMS    Document 1-1    Filed 08/01/22    Page 12 of 55 PageID #: 27

NURSING HOME, located at 585 Schenectady Avenue, Brooklyn, New York 11203, County of Kings, State of New York, and holds itself out to the general public as a facility providing such care and accommodations where patients can be treated by competent and skilled physicians and nursing staff to care for those who are ill.

62. Prior to and at all times hereinafter mentioned, the defendant, ABC CORPORATION, was and still remains engaged in conducting and operating a nursing home facility for the rehabilitation care of ill and injured persons known as RUTLAND NURSING HOME, located at 585 Schenectady Avenue, Brooklyn, New York 11203, County of Kings, State of New York, and holds itself out to the general public as a facility providing such care and accommodations where patients can be treated by competent and skilled physicians and nursing staff to care for those who are ill.

63. Prior to and at all times hereinafter mentioned, the defendant, ABC PARTNERSHIP, was and still remains engaged in conducting and operating a nursing home facility for the rehabilitation care of ill and injured persons known as RUTLAND NURSING HOME, located at 585 Schenectady Avenue, Brooklyn, New York 11203, County of Kings, State of New York, and holds itself out to the general public as a facility providing such care and accommodations where patients can be treated by competent and skilled physicians and nursing staff to care for those who are ill.

64. That at all times relevant hereto, defendant RUTLAND NURSING HOME, INC. claimed to provide for the proper care and safety of the residents at their nursing home facility, claimed to provide personnel, including doctors, nurses, attendants, assistance and others for the proper, safety and good treatment of its patients and residents, and held itself out to the general

public as furnishing treatment facilities where patients and residents, including plaintiff's decedent, RICHARD ABEL, could be provided with proper care and safety.

65.    That at all times relevant hereto, defendant ABC CORPORATION claimed to provide for the proper care and safety of the residents at their nursing home facility, claimed to provide personnel, including doctors, nurses, attendants, assistance and others for the proper, safety and good treatment of its patients and residents, and held itself out to the general public as furnishing treatment facilities where patients and residents, including plaintiff's decedent, RICHARD ABEL, could be provided with proper care and safety.

66.    That at all times relevant hereto, defendant ABC PARTNERSHIP claimed to provide for the proper care and safety of the residents at their nursing home facility, claimed to provide personnel, including doctors, nurses, attendants, assistance and others for the proper, safety and good treatment of its patients and residents, and held itself out to the general public as furnishing treatment facilities where patients and residents, including plaintiff's decedent, RICHARD ABEL, could be provided with proper care and safety.

67.    That at all times hereinafter mentioned, defendant RUTLAND NURSING HOME, INC. represented that its nursing home, located at 585 Schenectady Avenue, Brooklyn, New York 11203, County of Kings, State of New York, was competent to perform and render all the resident care, medical care, treatment, services and advice required by plaintiff's decedent, RICHARD ABEL.

68.    That at all times hereinafter mentioned, defendant ABC CORPORATION represented that its nursing home, located at 585 Schenectady Avenue, Brooklyn, New York 11203, County of Kings, State of New York, was competent to perform and render all the

resident care, medical care, treatment, services and advice required by plaintiff's decedent, RICHARD ABEL.

69. That at all times hereinafter mentioned, defendant ABC PARTNERSHIP represented that its nursing home, located at 585 Schenectady Avenue, Brooklyn, New York 11203, County of Kings, State of New York, was competent to perform and render all the resident care, medical care, treatment, services and advice required by plaintiff's decedent, RICHARD ABEL.

70. That at all times relevant hereto, defendant RUTLAND NURSING HOME, INC. was operating a nursing home in the State of New York within the meaning of Article 28 of the Public Health Law and at all times relevant hereto, defendant was under a duty to comply with all duties set forth in that chapter.

71. That at all times relevant hereto, defendant ABC CORPORATION was operating a nursing home in the State of New York within the meaning of Article 28 of the Public Health Law and at all times relevant hereto, defendant was under a duty to comply with all duties set forth in that chapter.

72. That at all times relevant hereto, defendant ABC PARTNERSHIP was operating a nursing home in the State of New York within the meaning of Article 28 of the Public Health Law and at all times relevant hereto, defendant was under a duty to comply with all duties set forth in that chapter.

73. That at all times relevant hereto, nursing homes in the State of New York must comply with all pertinent Federal, State and local laws, regulations, codes, standards and principals, pursuant to the New York Code, Rules and Regulations (NYCRR), 10 NYCRR 415.1

Case 1:22-cv-04503-KAM-VMS Document 1-1 Filed 08/01/22 Page 15 of 55 PageID #: 30

INDEX NO. 509554/2022

RECEIVED NYSCEF: 04/01/2022

(b)(4).

74. That at all times relevant hereto, nursing homes in the State of New York are required to provide care and services in a manner and quality consistent with generally accepted standards of practice pursuant to 10 NYCRR 415.1(b)(1).

75. That at all times relevant hereto, the nursing home of defendant RUTLAND NURSING HOME, INC. was and still is a participant in Medicare and Medicaid.

76. That at all times relevant hereto, the nursing home of defendant ABC CORPORATION was and still is a participant in Medicare and Medicaid.

77. That at all times relevant hereto, the nursing home of defendant ABC PARTNERSHIP was and still is a participant in Medicare and Medicaid.

78. That at all times hereinafter mentioned, to participate in Medicare and Medicaid programs, the nursing home of defendant RUTLAND NURSING HOME, INC. was required to be in compliance with the Federal requirements for long-term care as prescribed in the U.S. Code of Federal Regulations, 42 C.F.R. §483.

79. That at all times hereinafter mentioned, to participate in Medicare and Medicaid programs, the nursing home of defendant ABC CORPORATION was required to be in compliance with the Federal requirements for long-term care as prescribed in the U.S. Code of Federal Regulations, 42 C.F.R. §483.

80. That at all times hereinafter mentioned, to participate in Medicare and Medicaid programs, the nursing home of defendant ABC PARTNERSHIP was required to be in compliance with the Federal requirements for long-term care as prescribed in the U.S. Code of Federal Regulations, 42 C.F.R. §483.

81.    That at all times hereinafter mentioned, to participate in Medicare and Medicaid programs, the nursing home of defendant RUTLAND NURSING HOME, INC. was and still is aware that it is required to be in compliance with the Federal requirements for long-term care as prescribed in the U.S. Code of Federal Regulations, 42 C.F.R. §483.

82.    That at all times hereinafter mentioned, to participate in Medicare and Medicaid programs, the nursing home of defendant ABC CORPORATION was and still is aware that it is required to be in compliance with the Federal requirements for long-term care as prescribed in the U.S. Code of Federal Regulations, 42 C.F.R. §483.

83.    That at all times hereinafter mentioned, to participate in Medicare and Medicaid programs, the nursing home of defendant ABC PARTNERSHIP was and still is aware that it is required to be in compliance with the Federal requirements for long-term care as prescribed in the U.S. Code of Federal Regulations, 42 C.F.R. §483.

84.    That under the Code of Federal Regulations, the nursing home facility of defendants, RUTLAND NURSING HOME, INC., ABC CORPORATION, and/or ABC PARTNERSHIP, must:

    a. have sufficient nursing staff to provide nursing and related services to attain and maintain the highest practicable physical, mental, and psycho- social well-being of each resident (42 C.F.R. §483.30); and,

    b. provide, if a resident is unable to carry out activities of daily living, the necessary services to maintain good nutrition, grooming, and personal and oral hygiene (42 C.F.R. §483.25); and,

    c. ensure that the resident's environment remains free of accident hazards (42 C.F.R. §483.25(h)(1)); and,

    d. ensure that each resident receives adequate supervision

FILED: KINGS COUNTY CLERK 04/01/2022 02:01 PM
Case 1:22-cv-04503-KAM-VMS Document 1-1 Filed 08/01/22 Page 17 of 55 PageID #: 32

NYSCEF DOC. NO. 1

INDEX NO. 509554/2022

RECEIVED NYSCEF: 04/01/2022

and assistance devices to prevent accidents (42 C.F.R. §483.25(h)(2)); and,

e. ensure that a resident maintains acceptable parameters of nutritional status such as body weight and protein levels (42 C.F.R. §483.25); and,

f. provide an appropriate assessment of each resident entering a certified nursing home and the development and implementation of an appropriate care plan so that each resident is allowed to attain and maintain the highest practicable mental, physical and psycho-social well-being (42 C.F.R. §483.1); and,

g. ensure that the facility protects the resident from unnecessary falls and accidents (42 C.F.R. §483.25(h)); and,

h. conduct an initial assessment to determine the resident's risks of falling and develop a care plan that is tailored to address the resident's needs (42 C.F.R. §483.20); and,

i. report any resident falls to the attending physician and also to the responsible party for the resident and to monitor the resident's complications from the fall; and,

j. the nursing home facility further has an obligation to investigate the cause of all falls and develop a plan to protect the resident from future falls (42 C.F.R. §483.10(10)); and

k. conduct initially (no later than 14 days after admission) and periodically (after a significant change in the resident's physical or mental condition and in no case, less often than once every 12 months) a comprehensive, accurate, standardized, reproducible assessment of each resident's functional capacity (42 C.F.R. §483.20); and,

l. develop a comprehensive care plan for each resident that includes measurable objectives and timetables to meet a resident's medical, nursing, and mental and psycho-social needs that are identified in the comprehensive assessment. The care plan must be developed within 7 days after completion of the comprehensive assessment and describe the services that are to be furnished. Also, the care plan must be periodically reviewed and revised by a team of

qualified persons after each assessment (42 C.F.R.
§483.20); and,

m. prevent the deterioration of a resident's ability to bathe,
dress, groom, transfer and ambulate, toilet, eat, and to use
speech, language or other functional communication
systems (42 C.F.R. §483.25); and,

n. ensure that residents receive proper treatment and
assistive devices to maintain vision and hearing abilities
(42 C.F.R. §483.25); and,

o. ensure that residents do not develop [pressure sores and,
if a resident has pressure sores, must provide the necessary
treatment and services to promote healing (42 C.F.R.
§483.25); and,

p. provide appropriate treatment and services to incontinent
residents to restore as much normal bladder functioning as
possible and prevent injury tract infections (42 C.F.R.
§483.25); and,

q. provide each resident with sufficient fluid intake to
maintain proper hydration and health (42 C.F.R. §483.25);
and,

r. ensure that residents are free of any significant
medication errors (42 C.F.R. §483.25); and,

s. care for its residents in a manner and in an environment
that promotes maintenance or enhancement of each
resident's quality of life (42 C.F.R. §483.15); and,

t. promote care for residents in a manner and in an
environment that maintains or enhances each resident's
dignity and respect in full recognition of his or her
individuality (42 C.F.R. §483.15); and,

u. ensure that the resident has the right to chose activities
schedules, and health care consistent with his or her
interests, assessments, and plan of care (42 C.F.R.
§483.15); and,

v. ensure that the medical care of each resident is
supervised by a physician and must provide or arrange for
the provision of physician services 24 hours per day, in

case of an emergency (42 C.F.R. §483.40); and,

w. provide pharmaceutical services (including procedures that assure the accurate acquiring, receiving, dispensing, and administering of all drugs and biologicals) to meet the needs of each resident (42 C.F.R. §483.75); and,

x. be administered in a manner that enables it to use its resources effectively and efficiently to attain or maintain the highest practicable physical, mental and psychosocial well-being of each resident (42 C.F.R. §483.75); and,

y. maintain clinical records on each resident in accordance with accepted professional standards and practices that are complete, accurately documented, readily accessible, and systematically organized (42 C.F.R. §483.75).

85.    That at all times relevant hereto, defendant RUTLAND NURSING HOME, INC. had the duty to properly complete a comprehensive assessment for plaintiff's decedent RICHARD ABEL.

86.    That at all times relevant hereto, defendant ABC CORPORATION had the duty to properly complete a comprehensive assessment for plaintiff's decedent RICHARD ABEL.

87.    That at all times relevant hereto, defendant ABC PARTNERSHIP had the duty to properly complete a comprehensive assessment for plaintiff's decedent RICHARD ABEL.

88.    That at all times relevant hereto, defendant RUTLAND NURSING HOME, INC. had the duty to update a comprehensive assessment for plaintiff's decedent RICHARD ABEL and to keep it current.

89.    That at all times relevant hereto, defendant ABC CORPORATION had the duty to update a comprehensive assessment for plaintiff's decedent RICHARD ABEL and to keep it current.

90.    That at all times relevant hereto, defendant ABC PARTNERSHIP had the duty to

FILED: KINGS COUNTY CLERK 04/01/2022 02:01 PM
NYSCEF DOC. NO. 1

INDEX NO. 509554/2022
RECEIVED NYSCEF: 04/01/2022

update a comprehensive assessment for plaintiff's decedent RICHARD ABEL and to keep it current.

91.    That at all times relevant hereto, defendant RUTLAND NURSING HOME, INC. had the duty to properly complete a comprehensive care plan for plaintiff's decedent RICHARD ABEL.

92.    That at all times relevant hereto, defendant ABC CORPORATION had the duty to properly complete a comprehensive care plan for plaintiff's decedent RICHARD ABEL.

93.    That at all times relevant hereto, defendant ABC PARTNERSHIP had the duty to properly complete a comprehensive care plan for plaintiff's decedent RICHARD ABEL.

94.    That at all times relevant hereto, defendant RUTLAND NURSING HOME, INC. had the duty to update a comprehensive care plan for plaintiff's decedent RICHARD ABEL and to keep it current.

95.    That at all times relevant hereto, defendant ABC CORPORATION had the duty to update a comprehensive care plan for plaintiff's decedent RICHARD ABEL and to keep it current.

96.    That at all times relevant hereto, defendant ABC PARTNERSHIP had the duty to update a comprehensive care plan for plaintiff's decedent RICHARD ABEL and to keep it current.

97.    That at all times relevant hereto, defendant RUTLAND NURSING HOME, INC., by its officers, employees, agents and/or servants, under OBRA 42 C.F.R. §483.25 and New York State rules and regulations, had the duty to ensure that each resident must receive and the facility must provide the necessary care and services to attain or maintain the highest practicable

physical, mental and psycho-social well-being, in accordance with the comprehensive assessment and care plan.

98.    That at all times relevant hereto, defendant ABC CORPORATION, by its officers, employees, agents and/or servants, under OBRA 42 C.F.R. §483.25 and New York State rules and regulations, had the duty to ensure that each resident must receive and the facility must provide the necessary care and services to attain or maintain the highest practicable physical, mental and psycho-social well-being, in accordance with the comprehensive assessment and care plan.

99.    That at all times relevant hereto, defendant ABC PARTNERSHIP, by its officers, employees, agents and/or servants, under OBRA 42 C.F.R. §483.25 and New York State rules and regulations, had the duty to ensure that each resident must receive and the facility must provide the necessary care and services to attain or maintain the highest practicable physical, mental and psycho-social well-being, in accordance with the comprehensive assessment and care plan.

100.    Prior to and at all times relevant hereto, defendant RUTLAND NURSING HOME, INC. conducted business as a nursing home facility located at 585 Schenectady Avenue, Brooklyn, New York 11203, County of Kings, State of New York, as licensed and defined under New York Public Health Law Section 2801(2).

101.    Prior to and at all times relevant hereto, defendant ABC CORPORATION conducted business as a nursing home facility located at 585 Schenectady Avenue, Brooklyn, New York 11203, County of Kings, State of New York, as licensed and defined under New York Public Health Law Section 2801(2).

Case 1:23-cv-04503-KAM-VMS   Document 1-1   Filed 08/01/22   Page 22 of 55 PageID #: 37

INDEX NO. 509554/2022

RECEIVED NYSCEF: 04/01/2022

102. Prior to and at all times relevant hereto, defendant ABC PARTNERSHIP conducted business as a nursing home facility located at 585 Schenectady Avenue, Brooklyn, New York 11203, County of Kings, State of New York, as licensed and defined under New York Public Health Law Section 2801(2).

103. Prior to and at all times relevant hereto, defendant RUTLAND NURSING HOME, INC. conducted business as a residential health care facility located at 585 Schenectady Avenue, Brooklyn, New York 11203, County of Kings, State of New York, as licensed and defined under New York Public Health Law Section 2801(3).

104. Prior to and at all times relevant hereto, defendant ABC CORPORATION conducted business as a residential health care facility located at 585 Schenectady Avenue, Brooklyn, New York 11203, County of Kings, State of New York, as licensed and defined under New York Public Health Law Section 2801(3).

105. Prior to and at all times relevant hereto, defendant ABC PARTNERSHIP conducted business as a residential health care facility located at 585 Schenectady Avenue, Brooklyn, New York 11203, County of Kings, State of New York, as licensed and defined under New York Public Health Law Section 2801(3).

106. Prior to and at all times hereinafter mentioned, the defendant, RUTLAND NURSING HOME, INC., conducted business as an adult care facility located at 585 Schenectady Avenue, Brooklyn, New York 11203, County of Kings, State of New York, as licensed and defined under New York Public Health Law Section 2801(2).

107. Prior to and at all times hereinafter mentioned, the defendant, ABC CORPORATION, conducted business as an adult care facility located at 585 Schenectady

FILED: KINGS COUNTY CLERK 04/01/2022 02:01 PM
NYSCEF DOC. NO. 1

Case 1:22-cv-04563-KAM-VMS Document 1-1 Filed 08/01/22 Page 23 of 55 PageID #: 38
INDEX NO. 509554/2022
RECEIVED NYSCEF: 04/01/2022

Avenue, Brooklyn, New York 11203, County of Kings, State of New York, as licensed and defined under New York Public Health Law Section 2801(2).

108. Prior to and at all times hereinafter mentioned, the defendant, ABC PARTNERSHIP, conducted business as an adult care facility located at 585 Schenectady Avenue, Brooklyn, New York 11203, County of Kings, State of New York, as licensed and defined under New York Public Health Law Section 2801(2).

109. That at all times hereinafter mentioned, defendant RUTLAND NURSING HOME, INC. and its nursing home facility were subject to the provisions of New York Public Health Law Section 2801-c.

110. That at all times hereinafter mentioned, ABC CORPORATION and its nursing home facility were subject to the provisions of New York Public Health Law Section 2801-c.

111. That at all times hereinafter mentioned, ABC PARTNERSHIP and its nursing home facility were subject to the provisions of New York Public Health Law Section 2801-c.

112. Prior to and at all times hereinafter mentioned, defendant RUTLAND NURSING HOME, INC. was a nursing home facility providing therein nursing care to sick, invalid, infirm, disabled or convalescent persons in addition to lodging and board or health related services pursuant to New York Public Health Law Section 2801(2).

113. Prior to and at all times hereinafter mentioned, defendant ABC CORPORATION was a nursing home facility providing therein nursing care to sick, invalid, infirm, disabled or convalescent persons in addition to lodging and board or health related services pursuant to New York Public Health Law Section 2801(2).

114. Prior to and at all times hereinafter mentioned, defendant ABC PARTNERSHIP

was a nursing home facility providing therein nursing care to sick, invalid, infirm, disabled or convalescent persons in addition to lodging and board or health related services pursuant to New York Public Health Law Section 2801(2).

115.   Prior to and at all times hereinafter mentioned, defendant RUTLAND NURSING HOME, INC. is a nursing home as within the meaning of Public Health Law Section 2801(2).

116.   Prior to and at all times hereinafter mentioned, defendant ABC CORPORATION is a nursing home as within the meaning of Public Health Law Section 2801(2).

117.   Prior to and at all times hereinafter mentioned, defendant ABC PARTNERSHIP is a nursing home as within the meaning of Public Health Law Section 2801(2).

118.   Prior to and at all times hereinafter mentioned, defendant RUTLAND NURSING HOME, INC. is a residential health care facility within the meaning of Public Health Law Section 2801(3).

119.   Prior to and at all times hereinafter mentioned, defendant ABC CORPORATION is a residential health care facility within the meaning of Public Health Law Section 2801(3).

120.   Prior to and at all times hereinafter mentioned, defendant ABC PARTNERSHIP is a residential health care facility within the meaning of Public Health Law Section 2801(3).

121.   Prior to and at all times relevant hereto, defendant RUTLAND NURSING HOME, INC.'s nursing home was a facility subject to the provisions of New York Public Health Law Section 2801-d.

122.   Prior to and at all times relevant hereto, defendant ABC CORPORATION's nursing home was a facility subject to the provisions of New York Public Health Law Section 2801-d.

Case 1:22-cv-04503-KAM-VMS   Document 1-1   Filed 08/01/22   Page 25 of 55 PageID #: 40

123. Prior to and at all times relevant hereto, defendant ABC PARTNERSHIP's nursing home was a facility subject to the provisions of New York Public Health Law Section 2801-d.

124. Prior to and at all times hereinafter mentioned, defendant RUTLAND NURSING HOME, INC.'s nursing home was a facility subject to the provisions of New York Public Health Law Section 2803-c.

125. Prior to and at all times hereinafter mentioned, defendant ABC CORPORATION's nursing home was a facility subject to the provisions of New York Public Health Law Section 2803-c.

126. Prior to and at all times hereinafter mentioned, defendant ABC PARTNERSHIP's nursing home was a facility subject to the provisions of New York Public Health Law Section 2803-c.

127. Prior to and at all times hereinafter mentioned, defendant RUTLAND NURSING HOME, INC.'s nursing home was a facility subject to the-provisions of Public Health Law Section 42 U.S.C. Section 1395(i) et seq.

128. Prior to and at all times hereinafter mentioned, defendant ABC CORPORATION's nursing home was a facility subject to the-provisions of Public Health Law Section 42 U.S.C. Section 1395(i) et seq.

129. Prior to and at all times hereinafter mentioned, defendant ABC PARTNERSHIP's nursing home was a facility subject to the-provisions of Public Health Law Section 42 U.S.C. Section 1395(i) et seq.

130. Prior to and at all times hereinafter mentioned, defendant RUTLAND NURSING HOME, INC.'s nursing home was a facility subject to the provisions of Public Health Law

Section 1396(r) (1990) et seq. as amended by the Omnibus Budget Reconciliation Act of 1987 (OBRA Regulations).

131. Prior to and at all times hereinafter mentioned, defendant ABC CORPORATIONs nursing home was a facility subject to the provisions of Public Health Law Section 1396(r) (1990) et seq. as amended by the Omnibus Budget Reconciliation Act of 1987 (OBRA Regulations).

132. Prior to and at all times hereinafter mentioned, defendant ABC PARTNERSHIP's nursing home was a facility subject to the provisions of Public Health Law Section 1396(r) (1990) et seq. as amended by the Omnibus Budget Reconciliation Act of 1987 (OBRA Regulations).

133. Prior to and at all times hereinafter mentioned, defendant RUTLAND NURSING HOME, INC.'s nursing home was a facility subject to the provisions of Public Health Law Section 42 Code of Federal Regulations Parts 483, setting Medicare and Medicaid Requirements for long term facilities ("OBRA" regulations) as effective October 1, 1990.

134. Prior to and at all times hereinafter mentioned, defendant ABC CORPORATION's nursing home was a facility subject to the provisions of Public Health Law Section 42 Code of Federal Regulations Parts 483, setting Medicare and Medicaid Requirements for long term facilities ("OBRA" regulations) as effective October 1, 1990.

135. Prior to and at all times hereinafter mentioned, defendant ABC PARTNERSHIP's nursing home was a facility subject to the provisions of Public Health Law Section 42 Code of Federal Regulations Parts 483, setting Medicare and Medicaid Requirements for long term facilities ("OBRA" regulations) as effective October 1, 1990.

136. Prior to and at all times hereinafter mentioned, the nursing home operated by defendant RUTLAND NURSING HOME, INC. was a "nursing facility" as defined by 42 U.S.C.A. Section 1396(r).

137. Prior to and at all times hereinafter mentioned, the nursing home operated by defendant ABC CORPORATION was a "nursing facility" as defined by 42 U.S.C.A. Section 1396(r).

138. Prior to and at all times hereinafter mentioned, the nursing home operated by defendant ABC PARTNERSHIP was a "nursing facility" as defined by 42 U.S.C.A. Section 1396(r).

139. Prior to and at all times hereinafter mentioned, defendant RUTLAND NURSING HOME, INC.'s nursing home is a licensed nursing home as such term is understood in law.

140. Prior to and at all times hereinafter mentioned, defendant ABC CORPORATION's nursing home is a licensed nursing home as such term is understood in law.

141. Prior to and at all times hereinafter mentioned, defendant ABC PARTNERSHIP's nursing home is a licensed nursing home as such term is understood in law.

142. Prior to and at all times hereinafter mentioned, defendant RUTLAND NURSING HOME, INC.'s nursing home is certified for participation in the Medicare and Medicaid program as an intermediate skilled care facility.

143. Prior to and at all times hereinafter mentioned, defendant ABC CORPORATION's nursing home is certified for participation in the Medicare and Medicaid program as an intermediate skilled care facility.

144. Prior to and at all times hereinafter mentioned, defendant ABC PARTNERSHIP's

Case 1:23-cv-04503-KAM-VMS Document 1-1 Filed 08/01/22 Page 28 of 55 PageID #: 43

nursing home is certified for participation in the Medicare and Medicaid program as an intermediate skilled care facility.

145. Prior to and at all times hereinafter mentioned, by reason of selection to participate as a long term care provider, defendant RUTLAND NURSING HOME, INC. was able to enjoy substantial revenues paid for by tax fare funded government programs.

146. Prior to and at all times hereinafter mentioned, by reason of selection to participate as a long term care provider, defendant ABC CORPORATION was able to enjoy substantial revenues paid for by tax fare funded government programs.

147. Prior to and at all times hereinafter mentioned, by reason of selection to participate as a long term care provider, defendant ABC PARTNERSHIP was able to enjoy substantial revenues paid for by tax fare funded government programs.

148. Prior to and at all times hereinafter mentioned, the aforementioned government programs provided defendant RUTLAND NURSING HOME, INC. with a guaranteed source of income and a continual flow of residents whose care was paid for by the Medicare and Medicaid program or some other tax payer funded program.

149. Prior to and at all times hereinafter mentioned, the aforementioned government programs provided defendant ABC CORPORATION with a guaranteed source of income and a continual flow of residents whose care was paid for by the Medicare and Medicaid program or some other tax payer funded program.

150. Prior to and at all times hereinafter mentioned, the aforementioned government programs provided defendant ABC PARTNERSHIP with a guaranteed source of income and a continual flow of residents whose care was paid for by the Medicare and Medicaid program or

some other tax payer funded program.

151. Prior to and at all times hereinafter mentioned, plaintiff-decedent, was the type of resident whose care was paid for by the government and was the type of resident defendant RUTLAND NURSING HOME, INC. actively sought in order to fill their empty beds, increase their rate of occupancy, and overall revenues.

152. Prior to and at all times hereinafter mentioned, plaintiff-decedent, was the type of resident whose care was paid for by the government and/or was the type of resident defendant ABC CORPORATION actively sought in order to fill their empty beds, increase their rate of occupancy, and overall revenues.

153. Prior to and at all times hereinafter mentioned, plaintiff-decedent, was the type of resident whose care was paid for by the government and/or was the type of resident defendant ABC PARTNERSHIP actively sought in order to fill their empty beds, increase their rate of occupancy, and overall revenues.

154. At all times relevant to this Complaint, defendant RUTLAND NURSING HOME, INC. was a proprietary corporation engaged in the for-profit operation of a nursing home, which claimed to "specialize" in the care of helpless individuals who are chronically infirm, mentally dysfunctional and/or in need of nursing care and treatment.

155. At all times relevant to this Complaint, defendant ABC CORPORATION was a proprietary corporation engaged in the for-profit operation of a nursing home, which claimed to "specialize" in the care of helpless individuals who are chronically infirm, mentally dysfunctional and/or in need of nursing care and treatment.

156. At all times relevant to this Complaint, defendant ABC PARTNERSHIP was a

proprietary corporation engaged in the for-profit operation of a nursing home, which claimed to "specialize" in the care of helpless individuals who are chronically infirm, mentally dysfunctional and/or in need of nursing care and treatment.

157. Prior to and at all times hereinafter mentioned, in an effort to ensure that the plaintiff-decedent and other patients whose care was funded by the government were placed at their nursing home, defendant RUTLAND NURSING HOME, INC. held itself out to the New York Department of Health, the New York Department of Social Services and the public at large as being skilled in the performance of nursing, and other medical support services.

158. Prior to and at all times hereinafter mentioned, in an effort to ensure that the plaintiff-decedent and other patients whose care was funded by the government were placed at their nursing home, defendant ABC CORPORATION held itself out to the New York Department of Health, the New York Department of Social Services and the public at large as being skilled in the performance of nursing, and other medical support services.

159. Prior to and at all times hereinafter mentioned, in an effort to ensure that the plaintiff-decedent and other patients whose care was funded by the government were placed at their nursing home, defendant ABC PARTNERSHIP held itself out to the New York Department of Health, the New York Department of Social Services and the public at large as being skilled in the performance of nursing, and other medical support services.

160. Prior to and at all times hereinafter mentioned, in an effort to ensure that the plaintiff-decedent and other patients whose care was funded by the government were placed at their nursing home, defendant RUTLAND NURSING HOME, INC. held itself out to the New York Department of Health, the New York Department of Social Services and the public at large

as being properly staffed, supervised and equipped to meet the total needs of their nursing home residents.

161. Prior to and at all times hereinafter mentioned, in an effort to ensure that the plaintiff-decedent and other patients whose care was funded by the government were placed at their nursing home, defendant ABC CORPORATION held itself out to the New York Department of Health, the New York Department of Social Services and the public at large as being properly staffed, supervised and equipped to meet the total needs of their nursing home residents.

162. Prior to and at all times hereinafter mentioned, in an effort to ensure that the plaintiff-decedent and other patients whose care was funded by the government were placed at their nursing home, defendant ABC PARTNERSHIP held itself out to the New York Department of Health, the New York Department of Social Services and the public at large as being properly staffed, supervised and equipped to meet the total needs of their nursing home residents.

163. Prior to and at all times hereinafter mentioned, in an effort to ensure that the plaintiff-decedent and other patients whose care was funded by the government were placed at their nursing home, defendant RUTLAND NURSING HOME, INC. held itself out to the New York Department of Health, the New York Department of Social Services and the public at large as being able to specifically meet the total nursing, medical and physical therapy needs of plaintiff's decedent and other residents like him.

164. Prior to and at all times hereinafter mentioned, in an effort to ensure that the plaintiff-decedent and other patients whose care was funded by the government were placed at their nursing home, defendant ABC CORPORATION held itself out to the New York

Department of Health, the New York Department of Social Services and the public at large as being able to specifically meet the total nursing, medical and physical therapy needs of plaintiff's decedent and other residents like him.

165. Prior to and at all times hereinafter mentioned, in an effort to ensure that the plaintiff-decedent and other patients whose care was funded by the government were placed at their nursing home, defendant ABC PARTNERSHIP held itself out to the New York Department of Health, the New York Department of Social Services and the public at large as being able to specifically meet the total nursing, medical and physical therapy needs of plaintiff's decedent and other residents like him.

166. Prior to and at all times hereinafter mentioned, defendant RUTLAND NURSING HOME, INC., its principals, supervisors, agents, officers, employees, independent medical personnel, independent contractors, and/or Administrator; Assistant Administrator; Director of Nursing; Assistant Director of Nursing; Medical Director; Assistant Medical Director, or any or all of its corporate defendant stockholders, employees independent medical personnel and/or independent contractors, or those of its nursing home, and all staff and personnel affiliated with defendant, were all well aware of the medical conditions and the care that plaintiff's decedent required, represented that they could adequately care for his needs, and persuaded the plaintiff's decedent and decedent's family to that effect.

167. Prior to and at all times hereinafter mentioned, defendant ABC CORPORATION, its principals, supervisors, agents, officers, employees, independent medical personnel, independent contractors, and/or Administrator; Assistant Administrator; Director of Nursing; Assistant Director of Nursing; Medical Director; Assistant Medical Director, or any or all of its

FILED: KINGS COUNTY CLERK 04/01/2022 02:01 PM INDEX NO. 509554/2022
NYSCEF DOC. NO. 1                                          RECEIVED NYSCEF: 04/01/2022

corporate defendant stockholders, employees independent medical personnel and/or independent contractors, or those of its nursing home, and all staff and personnel affiliated with defendant, were all well aware of the medical conditions and the care that plaintiff's decedent required, represented that they could adequately care for his needs, and persuaded the plaintiff's decedent and decedent's family to that effect.

168.   Prior to and at all times hereinafter mentioned, defendant ABC PARTNERSHIP, its principals, supervisors, agents, officers, employees, independent medical personnel, independent contractors, and/or Administrator; Assistant Administrator; Director of Nursing; Assistant Director of Nursing; Medical Director; Assistant Medical Director, or any or all of its corporate defendant stockholders, employees independent medical personnel and/or independent contractors, or those of its nursing home, and all staff and personnel affiliated with defendant, were all well aware of the medical conditions and the care that plaintiff's decedent required, represented that they could adequately care for his needs, and persuaded the plaintiff's decedent and decedent's family to that effect.

169.   That at all times relevant hereto, plaintiff's decedent, RICHARD ABEL, was a resident at defendant's facility located at 585 Schenectady Avenue, Brooklyn, New York 11203, County of Kings, State of New York, and was under the care and management of defendant RUTLAND NURSING HOME, INC..

170.   That at all times relevant hereto, plaintiff's decedent, RICHARD ABEL, was a resident at defendant's facility located at 585 Schenectady Avenue, Brooklyn, New York 11203, County of Kings, State of New York, and was under the care and management of defendant ABC CORPORATION.

171.   That at all times relevant hereto, plaintiff's decedent, RICHARD ABEL, was a resident at defendant's facility located at 585 Schenectady Avenue, Brooklyn, New York 11203, County of Kings, State of New York, and was under the care and management of defendant ABC PARTNERSHIP.

172.   That at all times relevant hereto, defendant RUTLAND NURSING HOME, INC. stood in such a relationship with plaintiff's decedent RICHARD ABEL, as to make it liable for the acts and omissions of its doctors, nurses, staff and employees.

173.   That at all times relevant hereto, defendant ABC CORPORATION stood in such a relationship with plaintiff's decedent RICHARD ABEL, as to make it liable for the acts and omissions of its doctors, nurses, staff and employees.

174.   That at all times relevant hereto, defendant ABC PARTNERSHIP stood in such a relationship with plaintiff's decedent RICHARD ABEL, as to make it liable for the acts and omissions of its doctors, nurses, staff and employees.

## STATEMENT OF FACTS

175.   In or around January 2020, Defendants were made aware of severe acute respiratory syndrome coronavirus 2 (SARS-CoV-2) spreading world-wide and nationally, known colloquially as the coronavirus, that caused severe medical distress and death in individuals who caught the disease, especially, the elderly.

176.   SARS-CoV-2 is known and documented to cause a debilitating and deadly disease, the Coronavirus disease 2019 (hereinafter, "COVID-19").

177.   COVID-19 can and has spread rapidly in long-term residential care facilities and persons with chronic underlying medical conditions are at greater risk for COVID-19.

FILED: KINGS COUNTY CLERK 04/01/2022 10:08 PM
NYSCEF DOC. NO. 1

178. As of January 2022, more than 200,000 residents and workers had died from COVID-19 at nursing homes and other long-term care facilities for older adults in the United States, according to various reports and databases.

179. Per the New York Department of Health, RUTLAND NURSING HOME, INC. has had reported at least 219 positive COVID-19 cases in their facility among staff and residents, and at least 72 of its residents had died from COVID-19.

180. Plaintiff's decedent, RICHARD ABEL, was a resident of defendants' nursing home facility known as RUTLAND NURSING HOME, located at 585 Schenectady Avenue, Brooklyn, New York 11203, County of Kings, State of New York, from on or around 2019, until on or around April 2, 2020.

181. RICHARD ABEL was infected with and contracted COVID-19 while a resident at RUTLAND NURSING HOME and died thereafter as a result of COVID-19 on April 2, 2020.

182. Per the New York Department of Health, the nursing home facility known as RUTLAND NURSING HOME, located at 585 Schenectady Avenue, Brooklyn, New York 11203, received 35 citations for violations of public and safety health codes between 2018 and 2021.

183. For example, RUTLAND NURSING HOME, INC. was cited because the facility did not ensure it was in compliance with all applicable Federal, State, and Local Laws, Regulations, and Codes, and Governor Executive Orders with regards to COVID reporting. Specifically, among other issues, the facility did not accurately report the cumulative number of COVID-19 related deaths that occurred in the facility. It has been also cited for not ensuring that each resident was treated with dignity and respect during care; and for not ensuring that their

Case 1:22-cv-04563-KAM-VMS Document 1-1 Filed 08/04/22 Page 36 of 55 PageID #: 51

INDEX NO. 509554/2022
RECEIVED NYSCEF: 04/01/2022

residents were provided with a clean and homelike environment.

184.  As a direct and foreseeable consequence of the defendants' acts, omissions, and failures in taking safety precautions during the COVID-19 pandemic, RICHARD ABEL sustained loss, damages, injury, and death, and his survivor and next of kin, RHONDA ABEL, as Proposed Administrator of the Estate of RICHARD ABEL, has been damaged in an amount in excess of the jurisdictional limits of all lower courts in which this matter might otherwise have been brought.

185.  The claims asserted herein are premised on negligence and gross negligence, wrongful death, and nursing home malpractice. Plaintiff also seeks recovery for punitive damages from the defendants based upon the foregoing causes of action, and because of conduct that was grossly reckless, willful, and wanton in the face of the COVID-19 outbreak and pandemic.

## AS AND FOR A FIRST CAUSE OF ACTION
## PURSUANT TO NEW YORK PUBLIC HEALTH LAW
## 2801-d and 2803-c

186.  Plaintiff hereby incorporates by reference each of the preceding allegations as though set forth herein.

187.  At all times relevant to this complaint, including during the period of admission of plaintiff's decedent RICHARD ABEL to defendant's facility located at 585 Schenectady Avenue, Brooklyn, New York 11203, County of Kings, State of New York, defendants RUTLAND NURSING HOME, INC., ABC CORPORATION and ABC PARTNERSHIP, had a statutorily mandated responsibility to provide plaintiff-decedent with the rights granted to nursing home residents by New York Public Health Law Section 2801-d.

188.   At all times relevant to this complaint, including during the period of admission of plaintiff's decedent RICHARD ABEL to defendant's facility, located at 585 Schenectady Avenue, Brooklyn, New York 11203, County of Kings, State of New York, defendants RUTLAND NURSING HOME, INC., ABC CORPORATION and ABC PARTNERSHIP, had a statutorily mandated responsibility to provide plaintiff-decedent with the rights granted to nursing home residents by New York Public Health Law Section 2803-c.

189.   At all times relevant to this complaint, including during the period of admission of plaintiff's decedent RICHARD ABEL to defendant's facility, located at 585 Schenectady Avenue, Brooklyn, New York 11203, County of Kings, State of New York, defendants RUTLAND NURSING HOME, INC., ABC CORPORATION and ABC PARTNERSHIP, by their respective officers, employees, agents and/or servants, violated Public Health Law §2801-d.

190.   At all times relevant to this complaint, including during the period of admission of plaintiff's decedent RICHARD ABEL to defendant's facility, located at 585 Schenectady Avenue, Brooklyn, New York 11203, County of Kings, State of New York, defendants RUTLAND NURSING HOME, INC., ABC CORPORATION and ABC PARTNERSHIP failed to provide the plaintiff-decedent appropriate ordinary care.

191.   At all times relevant to this complaint, including during the period of admission of plaintiff's decedent RICHARD ABEL to defendant's facility, located at 585 Schenectady Avenue, Brooklyn, New York 11203, County of Kings, State of New York, defendants RUTLAND NURSING HOME, INC., ABC CORPORATION and ABC PARTNERSHIP provided plaintiff-decedent care below acceptable standards.

192.   At all times relevant to this complaint, including during the period of admission of

plaintiff's decedent RICHARD ABEL to defendant's facility, located at 585 Schenectady Avenue, Brooklyn, New York 11203, County of Kings, State of New York, the defendants RUTLAND NURSING HOME, INC., ABC CORPORATION and ABC PARTNERSHIP, through their employees, agents, consultants, and independent contractors, deprived the plaintiff's decedent of his rights pursuant to Public Health Law Section 2801-d.

193. At all times relevant to this complaint, including during the period of admission of plaintiff's decedent RICHARD ABEL to defendant's facility, located at 585 Schenectady Avenue, Brooklyn, New York 11203, County of Kings, State of New York, defendants RUTLAND NURSING HOME, INC., ABC CORPORATION and ABC PARTNERSHIP also deprived the plaintiff-decedent of rights pursuant to Public Health Law Section 2803-c.

194. The acts and/or omissions committed by the respective officers, employees, agents, independent contractors and/or servants of defendants RUTLAND NURSING HOME, INC., ABC CORPORATION and ABC PARTNERSHIP, were pervasive events that occurred and continued throughout plaintiff's decedent's residency at defendant's facility, and were such that the supervisors, administrators and managing agents of defendants should have been aware of them.

195. Defendants RUTLAND NURSING HOME, INC., ABC CORPORATION and ABC PARTNERSHIP, through their respective officers, employees, agents, independent contractors and/or servants, wholly failed to discharge their respective obligations and duty of care to plaintiff's decedent as required by statute and as set forth herein. Consequently, plaintiff's decedent suffered catastrophic injuries, extreme conscious pain, suffering and mental anguish.

196. The scope and severity of the recurrent statutory violations inflicted upon

plaintiff's decedent while he was under the care of defendants' facility accelerated the deterioration of his health and physical condition beyond that caused by the normal aging process, resulting in his physical and emotional trauma described herein and hastened his death. More specifically, plaintiff-decedent's agonizing pain, suffering and death was precipitated by each defendant's failure to adhere to the duties set forth herein, as well as statutory, licensing, and regulatory rules for the United States, State of New York, and County of Kings.

197. At all times relevant to this complaint, defendants RUTLAND NURSING HOME, INC., ABC CORPORATION and ABC PARTNERSHIP had a duty to plaintiff's decedent to ensure that their staff consisted of an adequate number of qualified employees and/or independent contractors, both licensed and unlicensed, so that such employees and/or independent contractors could deliver care and services to plaintiff's decedent in a reasonably safe and beneficial manner.

198. At all times relevant to this complaint, defendants RUTLAND NURSING HOME, INC., ABC CORPORATION and ABC PARTNERSHIP's responsibilities and obligations, as outlined in Public Health Law Section 2803-c, are non-delegable, and each defendant has direct and vicarious liability for violations, deprivations and infringements of such responsibilities and obligations by any person or entity under each defendant's control, direct or indirect, including its employees, agents, consultants, servants and independent contractors, whether in-house or outside entities, individuals, agencies or pools, or if caused by each defendant's policies, whether written or unwritten, or common practices.

199. The aforesaid violations by each defendant were a proximate cause of plaintiff's decedent RICHARD ABEL's injuries, conscious pain, and suffering, and ultimately his death.

200. By reason of the foregoing, plaintiff RHONDA ABEL, as next of Kin and Proposed Administrator of the Estate of RICHARD ABEL, has been damaged in an amount in excess of the jurisdictional limits of all lower courts in which this matter might otherwise have been brought.

201. Also, in addition to the damages suffered by plaintiff's decedent as a result of each of defendant's deprivation of his rights as a nursing home facility resident, plaintiff is entitled to recover attorneys' fees pursuant to Public Health Law Section 2801-d(6), punitive damages pursuant to Public Health Law Section 2801-d(2), and costs.

202. That by reason of the foregoing, plaintiff RHONDA ABEL, as Proposed Administrator of the Estate of RICHARD ABEL, additionally demands as damages, per diem damages based upon the reasonable value of legal services rendered pursuant to Public Health Law §2801-d.

## AS AND FOR A SECOND CAUSE OF ACTION
## FOR NEGLIGENCE

203. Plaintiff hereby incorporates by reference each of the preceding allegations as though set forth herein.

204. Prior to and at all times hereinafter mentioned, defendant owed a duty to residents of their nursing home facility, including plaintiff-decedent, to protect their nursing home resident's rights pursuant to Public Health Law Section 2801-d, and as enumerated in Public Health Law Section 2803-c, and pursuant to common law.

205. That the medical and nursing care, treatment, and services rendered to plaintiff's decedent, RICHARD ABEL, by the defendants RUTLAND NURSING HOME, INC., ABC CORPORATION and ABC PARTNERSHIP, was rendered carelessly, unskillfully, negligently

Case 1:22-cv-04503-KAM-VMS Document 1-1 Filed 08/01/22 Page 41 of 55 PageID #: 56

and not in accordance with accepted standards of care, practice, treatment and services.

206. Prior to and at all times hereinafter mentioned, defendants RUTLAND NURSING HOME, INC., ABC CORPORATION and ABC PARTNERSHIP, any and/or all of them, as well as each of its officers, principals, employees, agents, supervisors, staff, independent medical personnel and independent contractors, both licensed and unlicensed, had a duty to provide ordinary care and exercise the degree of care and skill exercised by nursing homes in the community and consistent with the expertise which defendant publicized to the community.

207. Prior to and at all times hereinafter mentioned, defendants RUTLAND NURSING HOME, INC., ABC CORPORATION and ABC PARTNERSHIP, owed a duty to plaintiff's decedent to hire, train and supervise employees and independent contractors, both licensed and unlicensed, so that such employees and independent contractors delivered care and services to plaintiff-decedent in a reasonably safe and beneficial manner.

208. Prior to and at all times hereinafter mentioned, defendants owed a duty to plaintiff-decedent to have adequate staffing so that such employees and independent contractors delivered care and services to plaintiff-decedent in a reasonably safe and beneficial manner.

209. Prior to and at all times hereinafter mentioned, defendants negligently breached their duties owed to plaintiff's decedent by statutes and common law.

210. Defendants failed to take the proper steps to protect the residents and/or patients at their facilities from the COVID-19 virus.

211. Defendants failed to appropriately separate residents in accordance with local, state, and federal guidance.

212. Defendants failed to enforce social distancing among residents.

FILED: KINGS COUNTY CLERK 04/01/2022 02:01 PM
NYSCEF DOC. NO. 1

Case 1:22-cv-04503-KAM-VMS Document 1-1 Filed 08/01/22 Page 42 of 55 PageID #: 57
INDEX NO. 509554/2022
RECEIVED NYSCEF: 04/01/2022

213. Defendants failed to enforce social distancing among staff.

214. Defendants failed to cancel all group activities and communal dining.

215. Defendants failed to timely restrict all visitors.

216. Defendants failed to ensure all residence wear a cloth face covering.

217. Defendants failed to ensure appropriate staffing levels.

218. Defendants failed to ensure all health care professionals were provided a facemask or cloth covering while in the facility.

219. Defendants failed to ensure all health care professionals wore a facemask or cloth covering while in the facility.

220. Defendants failed to adequately screen volunteers and non-essential healthcare personnel prior to allowing their entrance into the facility.

221. Defendants failed to actively screen everyone entering the building for fever and symptoms of COVID-19.

222. Defendants failed to monitor local, state, and federal health guidance on the coronavirus for maintaining the safety of its residents.

223. Because of defendants' failures in this regard, RICHARD ABEL, a resident/patient, died on April 2, 2020.

224. RICHARD ABEL'S death as a resident/patient was a direct result of defendants' failures to take measures to protect his at the nursing home facility from the deadly COVID-19 virus, and because of their negligence, gross negligence, and nursing home malpractice.

225. Prior to and at all times hereinafter mentioned, as a result of defendants RUTLAND NURSING HOME, INC., ABC CORPORATION and ABC PARTNERSHIP

FILED: KINGS COUNTY CLERK 04/01/2022 02:01 PM
NYSCEF DOC. NO. 1
INDEX NO. 509554/2022
RECEIVED NYSCEF: 04/01/2022

foregoing acts and/or omissions, plaintiff's decedent was subject to each of defendant's negligence, causing his to be forced to undergo medical treatment, incur medical expenses, suffer disability, pain and suffering, mental anguish, loss of enjoyment of life, mental and physical deterioration, secondary to inadequate supervision resulting in death. Plaintiff also alleges *res ipsa loquitor*.

226. Prior to and at all times hereinafter mentioned, plaintiff-decedent's injuries and death were caused wholly and solely by the negligent acts and/or omissions of the defendant herein.

227. By reason of the foregoing, plaintiff RHONDA ABEL, as Proposed Administrator of the Estate of RICHARD ABEL, has been damaged in an amount in excess of the jurisdictional limits of all lower courts in which this matter might otherwise have been brought.

## AS AND FOR A THIRD CAUSE OF ACTION FOR NEGLIGENCE *PER SE* AGAINST ALL DEFENDANTS

228. Plaintiff hereby incorporates by reference each of the preceding allegations as though set forth herein.

229. That at all times relevant hereto, including during the period of the admission of plaintiff's decedent RICHARD ABEL to defendant's facility located at 585 Schenectady Avenue, Brooklyn, New York 11203, County of Kings, State of New York, defendants RUTLAND NURSING HOME, INC., ABC CORPORATION and ABC PARTNERSHIP, by their respective officers, employees, agents and/or servants, were negligent in the operation of that facility and particularity in the care rendered to plaintiff's decedent RICHARD ABEL, and defendants' violations of 42 C.F.R. §483.25 of the OBRA regulations and other Federal rules and regulations, and of 10 NYCRR §415 and other New York State and County rules and

regulations, federal statutes, New York State statutes, and Public Health Law §§2801-d and 2803-c.

230.  That as a consequence of each defendant's failure to adhere to the duties set forth herein, as well as statutory, licensing, and regulatory rules of the United States, State of New York, and County of New York, each defendant is liable under the principals of *negligence per se*.

231.  That at all times relevant hereto, the aforesaid legislative commands and administrative regulations were designed to prevent injury to the class of persons to which plaintiff's decedent, RICHARD ABEL, belonged.

232.  That the aforesaid violations by each defendant were a proximate cause of plaintiff's decedent RICHARD ABEL'S injuries.

233.  That because of the foregoing, plaintiff's decedent RICHARD ABEL was seriously injured.

234.  That because of the foregoing, plaintiff's decedent RICHARD ABEL was caused to sustain conscious pain and suffering.

235.  That because of the foregoing, plaintiff's decedent RICHARD ABEL was caused to be seriously injured and his injuries were a cause of his death.

236.  That because of the foregoing, plaintiff's decedent RICHARD ABEL was caused to sustain conscious pain and suffering prior to his death.

237.  By reason of the foregoing, plaintiff RHONDA ABEL, as Proposed Administrator of the Estate of RICHARD ABEL, has been damaged in an amount in excess of the jurisdictional limits of all lower courts in which this matter might otherwise have been brought.

FILED: KINGS COUNTY CLERK 04/01/2022 02:01 PM          INDEX NO. 509554/2022
NYSCEF DOC. NO. 1                                      RECEIVED NYSCEF: 04/01/2022

## AS AND FOR A FOURTH CAUSE OF ACTION
## FOR CONSCIOUS PAIN AND SUFFERING

238.   Plaintiff hereby incorporates by reference each of the preceding allegations as though set forth herein.

239.   By reason of the foregoing, the plaintiff-decedent sustained severe multiple injuries in, to, and about his body resulting in wrongful death.

240.   By reason of the foregoing, the plaintiff-decedent suffered excruciating pain and agony, including fear of imminent death.

241.   That as a result of the aforesaid, the Estate of RICHARD ABEL sustained damages in a sum which exceeds the jurisdictional limits of all lower courts which would have jurisdiction of this matter.

## AS AND FOR A FIFTH CAUSE OF ACTION
## FOR WRONGFUL DEATH

242.   Plaintiff hereby incorporates by reference each of the preceding allegations as though set forth herein.

243.   Defendants owed a duty to RICHARD ABEL and the residents and/or patients at their facility, to keep them safe from outside diseases and/or outbreaks of the virus.

244.   Defendants breached their duty to RICHARD ABEL, and failed to take the proper steps to protect their residents and/or patients at their facility, including plaintiff-decedent, from the COVID-19 virus.

245.   By reason of the foregoing, the plaintiff-decedent sustained severe bodily injuries resulting in wrongful death.

246.   By reason of the foregoing, the plaintiff's decedent RICHARD ABEL left

FILED: KINGS COUNTY CLERK 04/01/2022 02:01 PM          INDEX NO. 509554/2022
NYSCEF DOC. NO. 1                                        RECEIVED NYSCEF: 04/01/2022

surviving next of kin and distributees.

247. As a result of the foregoing, the plaintiff's decedent's surviving next of kin and distributees became liable for, and expended money for, funeral and other expenses.

248. As a result of the foregoing, the plaintiff's decedents' surviving next of kin and distributees suffered pecuniary damages.

249. As a result of the foregoing, the plaintiff's decedent's surviving next of kin sustained all other damages allowed by law.

250. By reason of the foregoing, plaintiff RHONDA ABEL, as Proposed Administrator of the Estate of RICHARD ABEL, has been damaged in an amount in excess of the jurisdictional limits of all lower courts in which this matter might otherwise have been brought.

## AS AND FOR A SIXTH CAUSE OF ACTION FOR GROSS NEGLIGENCE

251. Plaintiff hereby incorporates by reference each of the preceding allegations as though set forth herein.

252. Prior to and at all times hereinafter mentioned, defendants RUTLAND NURSING HOME, INC., ABC CORPORATION and ABC PARTNERSHIP, through their respective officers, employees, agents, representatives, servants and independent contractors, acted in so careless a manner as to show complete disregard for the rights and safety of plaintiff's decedent.

253. Prior to and at all times hereinafter mentioned, defendants RUTLAND NURSING HOME, INC., ABC CORPORATION and ABC PARTNERSHIP, through their respective officers, employees, agents, representatives, servants and independent contractors, acted and/or failed to act knowing that their conduct would probably result in injury or damage to plaintiff's decedent RICHARD ABEL.

FILED: KINGS COUNTY CLERK 04/01/2022 02:01 PM                INDEX NO. 509554/2022
NYSCEF DOC. NO. 1                                          RECEIVED NYSCEF: 04/01/2022

254.    Prior to and at all times hereinafter mentioned, defendants RUTLAND NURSING HOME, INC., ABC CORPORATION and ABC PARTNERSHIP, through their respective officers, employees, agents, representatives, servants and independent contractors, acted in so reckless a manner and/or failed to act in circumstances where an act was clearly required, so as to indicate complete disregard of the consequences of their actions and/or inactions.

255.    Prior to and at all times hereinafter mentioned, each of defendant's conduct, as outlined, hereinabove, was in reckless disregard.

256.    Prior to and at all times hereinafter mentioned, each of defendant's conduct, as outlined hereinabove, was willful.

257.    Prior to and at all times hereinafter mentioned, the actions of each defendant were willful and wanton acts, in total disregard of the plaintiff's decedent's well-being, thereby constituting gross negligence and/or thereby constituting willful and wanton acts.

258.    As a result of the foregoing, plaintiff is entitled to punitive damages pursuant to Public Health Law Section 2801-d(2) and common law, and costs.

259.    By reason of the foregoing, plaintiff RHONDA ABEL, as Proposed Administrator of the Estate of RICHARD ABEL, has been damaged in an amount in excess of the jurisdictional limits of all lower courts in which this matter might otherwise have been brought.

<u>**AS AND FOR A SEVENTH CAUSE OF ACTION**</u>
<u>**FOR NURSING HOME MALPRACTICE**</u>
<u>**RESULTING IN WRONGFUL DEATH**</u>

260.    Plaintiff hereby incorporates by reference each of the preceding allegations as though set forth herein.

261.    That at the time of his death, on April 2, 2020, the plaintiff's decedent was then of

the age of 66 years and in overall good health.

262. That from on or about 2019, to and through April 2, 2020, defendants RUTLAND NURSING HOME, INC., ABC CORPORATION and ABC PARTNERSHIP, by their officers, agents, servants, independent contractors and/or employees, undertook to provide to plaintiff's decedent such nursing and rehabilitation services as are customarily provided in a nursing home and rehabilitation facility, as is the defendant's facility, and agreed to apply all due skill, care and judgment appropriate to the provision of such services through their physicians, nurses, health care personnel, agents, servants, independent contractors and/or employees.

263. That at all times hereinafter mentioned, upon information and belief, the aforesaid nursing home facility premises was the situs of the within incident.

264. That while plaintiff-decedent was a resident at defendants' nursing home facility, he was treated by physicians, physicians' assistants and nurses and other staff who were agents, servants and/or employees of said nursing home facility.

265. That at all times hereinafter mentioned as a result of the nursing home malpractice and deviations from proper standards of care, negligent acts and/or omissions of the defendant, their physicians, physicians' assistants, nurses, agents, servants and/or employees, the plaintiff's medical conditions worsened, and the plaintiff-decedent was admitted in a hospital and thereafter, on April 2, 2020, the plaintiff's decedent died.

266. The plaintiff-decedent's medical condition was especially exacerbated and worsened by reason of the nursing home malpractice, negligent acts and/or omissions of the defendants, through their officers, agents, servants. Independent contractors, and/or employees.

267. That while under defendants' care, plaintiff-decedent contracted COVID-19 and

experienced the following conditions, including but not limited to, change in behavior and personality; altered mental status, mental confusion, inability to breathe, presented tachypnea and respiratory distress, and was unresponsive to verbal stimuli.

268.    That the evaluation, diagnosis, and treatment of the plaintiff-decedent by the defendant, their agents, servants and/or employees, was unreasonably delayed and was not conducted with sufficient promptness.

269.    That by reason of the plaintiff-decedent's medical condition, which was neglected and not properly or timely diagnosed or treated by defendants, through their agents, servants and/or employees, the plaintiff-decedent was caused to sustain severe and serious personal injuries, respiratory distress, presented tachypnea, including respiratory failure resulting in death.

270.    That the defendants, their agents, servants and/or employees, had supervision, care, custody and control of the plaintiff-decedent and that such supervision, care, custody and control was assumed by defendant, their agents, servants and employee, and said defendants, their agents, servants, and/or employees, were under a duty to properly supervise, monitor and assist in plaintiff-decedent's nursing care and treatment.

271.    That the aforesaid injuries and resulting death of the plaintiff-decedent were caused by the negligence, carelessness, nursing home malpractice, deviations from accepted standards and practices of the defendants, their agents, servants and/or employees.

272.    That as a result of the negligence, gross negligence, wantonness, recklessness, nursing home malpractice and deviations from accepted standards and practices by the defendants, their agents, servants and/or employees, the plaintiff-decedent was caused to sustain and experience great pain and disability and suffer injuries which were serious, permanent and

Case 1:23-cv-04563-KAM-VMS   Document 1-1   Filed 08/01/22   Page 50 of 55 PageID #: 65

progressive in nature and resulted in death.

273. That the defendants, their agents, servants and/or employees, were careless, negligent, grossly negligent, wanton, reckless, committed nursing home malpractice and deviated from accepted standards and practices in the care and treatment of the plaintiff-decedent in, among other things, failing to properly treat the deceased plaintiff, and to timely respond to his symptoms; in failing to provide proper and adequate medical treatment; in failing to provide physicians and staff which were experienced; in providing inexperienced physicians and staff on said premises; in allowing, causing and/or permitting the deceased plaintiff to remain on said nursing home facility premises without the proper and adequate treatment of said conditions; in failing to properly diagnose and treat the plaintiff-decedent in accordance with generally accepted, standards of medical care; in failing to provide prompt treatment to the plaintiff-decedent based upon plaintiff-decedent's symptoms; in carelessly and negligently failing to heed signs, symptoms and/or complaint; in failing to take adequate measures and precautions; in unreasonably delaying in providing proper treatment based upon the plaintiff-decedent's symptoms; in failing to timely intervene when the plaintiff-decedent's symptoms worsened; in failing to properly respond to plaintiff-decedent's condition and symptoms by providing timely medical treatment; in failing to provide proper and adequate supervision over the plaintiff-decedent in that they disregarded their duty and obligation to plaintiff-decedent to care for him and protect his health and well- being; in negligently caring for and attending to the needs and safety of the plaintiff-decedent in that the defendants, their agents, servants and/or employees, knew of plaintiff-decedent's medical condition and failed to provide necessary care and attention to the plaintiff-decedent; in failing to conduct a proper and thorough assessment to ascertain

plaintiff-decedent's condition promptly; in failing to provide prompt medical intervention in view of the symptoms exhibited by the plaintiff-decedent; in delaying treatment and/or admission to a hospital when they knew or should have known that plaintiff-decedent's critical condition warranted immediate action; in failing to properly supervise, monitor, assess, manage, control and/or provide the necessary assistance in the care and treatment of the plaintiff-decedent; in failing to provide adequate and proper treatment, assessment and supervision to plaintiff-decedent; in failing to properly supervise those examining and treating the plaintiff-decedent; in failing to properly train, supervise and/or oversee their personnel; in negligently caring for and attending to the needs and safety of the plaintiff-decedent in that the defendant, their agents, servants and/or employees, knew of the plaintiff-decedent's medical condition and failed to provide the necessary care and attention to the plaintiff-decedent; in violating Sections 2801(d) and 2803(c) of the Public Health Law and 10 NYCRR Section 45, et seq; in failing to appropriately respond to the declining mental state exhibited by deceased plaintiff; in failing to respond to deceased plaintiff's needs and requirements; in failing to respond to changes in decedents condition; in failing to respond to changes in decedents signs and symptoms; exhibited by the deceased plaintiff; in failing to implement proper COVID-19 protocols and procedures; in failing to implore and employ proper infectious disease control procedures; in failing to implore and employ proper staff training and ensure compliance with infectious disease guidelines issued by the State of New York and Federal Health Agency including but not limited to the Center for Disease Control, in failing to properly train staff and ensure compliance with infectious disease protocols; failure to implement proper or timely infectious disease control procedures, in failing to implore and employ proper COVID-19 protocols and procedures; in failing to position

plaintiff-decedent in such a manner as to avoid and/or minimize risks of contracting COVID-19; in failing to timely respond as serious risks developed; in failing to diagnose, monitor and treat in timely fashion decedent's condition; in failing to develop an adequate care plan; in failing to develop a care plan; in failing to timely discuss, update, change, edit a care plan in accordance with decedents needs and wants in violation of Public Health Law, and the effect of that condition upon decedent's body; in failing to timely prevent, minimize, neutralize, diagnose and treat decedent's injuries and in failing to undertake appropriate tests to ascertain the cause of decedent's declining condition and then to relieve such condition; in failing to provide a clean nursing home for deceased plaintiff; in improperly hiring and continuing to employ incompetent and/or unskilled agents, servants and/or employees; in acting with a negligence and/or reckless disregard for the safety of others; in failing to take those steps necessary to avoid the contingency which occurred; in failing to use that degree of caution, prudence and care which was reasonable and proper under the controlling circumstances; in failing to provide adequate medical treatment which resulted in pain, suffering and death to claimant on or about the April 2, 2020, and the defendants, their agents, servants and/or employees, were in other ways negligent, wanton, reckless and careless.

274.   That the above medical care, treatment, and services were rendered carelessly, unskillfully, negligently, and not in accordance with the acceptable and prevailing standards of care, treatment and services, thereby constituting nursing home malpractice and a breach of duty owed to the plaintiff-decedent.

275.   That by reason of the foregoing, the plaintiff-decedent sustained severe bodily injuries resulting in wrongful death.

276. That by reason of the foregoing, the injuries sustained and the death of the plaintiff-decedent herein resulting therefrom, as aforesaid, the Next of Kin suffered extensive monetary and pecuniary losses and incurred and paid out necessary medical, hospital, funeral and concomitant expenses.

277. By reason of the foregoing, plaintiff RHONDA ABEL, as Proposed Administrator of the Estate of RICHARD ABEL, has been damaged in an amount in excess of the jurisdictional limits of all lower courts in which this matter might otherwise have been brought.

### AS AND FOR A EIGHTH CAUSE OF ACTION
### FOR NURSING HOME MALPRACTICE
### RESULTING IN CONSCIOUS PAIN AND SUFFERING

278. Plaintiff hereby incorporates by reference each of the preceding allegations as though set forth herein.

279. That at all times hereinafter mentioned, the plaintiff-decedent's medical condition was especially exacerbated and worsened under the care of defendant, and the plaintiff-decedent sustained multiple injuries in, to and about his body.

280. That at all times hereinafter mentioned, as a result of the nursing home malpractice and deviations from proper standards of care, the negligent acts and/or omissions of the defendant, their agents, servants, employees, physicians, physicians' assistants and nurses, the plaintiff-decedent had to suffer great pain and suffering.

281. That by reason of the foregoing, the Estate of RICHARD ABEL, was damaged in a sum which exceeds the jurisdictional limits of all lower courts which would have jurisdiction of this matter.

WHEREFORE, plaintiff demands judgment against the defendant herein for such

monetary relief, or other relief, as shall be called for by the proof and to be awarded by the Court and/or jury; the amount of damages sought herein exceeds the jurisdictional limits of all lower courts which might otherwise have jurisdiction herein; punitive damages pursuant to Public Health Law Section 2801-d(2); attorney's fees pursuant to Public Health Law Section 2801-d(6); and interest, together with the costs and disbursements of this action.

Dated: Melville, New York
     April 1, 2022

                                **NAPOLI SHKOLNIK, PLLC**
                                *Attorneys for Plaintiff*

By:_____
                                Joseph Ciaccio
                                400 Broadhollow Road, Suite 305
                                Melville, New York 11747
                                T: 212-397-1000

# VERIFICATION

I, Joseph Ciaccio, an attorney duly admitted to practice law before the Courts of the State of New York, affirm the following under penalties of perjury:

I am the attorney for the Plaintiffs in the above entitled-action. I have read the foregoing **VERIFIED COMPLAINT** and know the contents thereof and, upon information and belief, after an inquiry reasonable under the circumstances, affirmant believes the matters alleged herein to be true and that the contentions herein are not frivolous.

The reason this verification is made by affirmant and not by Plaintiff is that the Plaintiff herein resides in a County other than the County in which I maintain my offices.

The source of affirmant's information and the grounds of his belief are communications, papers, reports, and investigations contained in the file maintained by this office.

Dated: Melville, New York
April 1, 2022

**NAPOLI SHKOLNIK, PLLC**
*Attorneys for Plaintiff*

Joseph Ciaccio
400 Broadhollow Road, Suite 305
Melville, New York 11747
T: 212-397-1000