```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------X
```

RHONDA ABEL, as Proposed Administrator
of the Estate of RICHARD ABEL,

                                                                    **ORDER**

                                  Plaintiff,              22-cv-04503(KAM)(VMS)

                - against -

RUTLAND NURSING HOME, INC., d/b/a RUTLAND
NURSING HOME, ABC CORPORATION,
ABC PARTNERSHIP,

                                  Defendants.

```
-----------------------------------------X
```
**KIYO A. MATSUMOTO, United States District Judge:**

        Plaintiff Rhonda Abel, as Proposed Administrator of the

Estate of Richard Abel, commenced the above-captioned action on

April 1, 2022 in the Supreme Court of the State of New York, Kings

County against Defendants Rutland Nursing Home, Inc., ABC

Corporation, and ABC Partnership.  (Docket No. 1-1 ("Compl.").)

Plaintiff asserts claims for violations of New York Public Health

Law Sections 2801-d and 2803-c, negligence, negligence per se,

conscious pain and suffering, wrongful death, gross negligence,

nursing home malpractice resulting in wrongful death, and nursing

home malpractice resulting in conscious pain and suffering,

arising from Defendants' implementation of nursing home health and

safety policies during the COVID-19 pandemic. (Compl. ¶¶ 186-281.)

        On August 1, 2022, Defendant Rutland Nursing Home, Inc.

timely removed the action from state court to this Court pursuant

to 28 U.S.C. §§ 1331, 1367, 1441, 1442(a)(1), 1446, and the Public Readiness and Emergency Preparedness Act, 42 U.S.C. §§ 247d-6d, 247d-6e (2020) (the "PREP Act"). (*See* Docket No. 1 ("Notice of Removal") at 1; *see also* Docket No. 14 ("Def. Mem.") at 9.) Plaintiff subsequently moved to remand the action to state court, (Docket No. 13 and attached exhibits), and the motion to remand was fully briefed on December 15, 2022. (*See* Docket Nos. 13-15 and attached exhibits.)

In light of the Second Circuit's reasoning and decision in *Solomon v. St. Joseph Hospital, Catholic Health System of Long Island, Inc.*, 62 F.4th 54 (2d Cir. 2023), and the Second Circuit's summary order affirming *Rivera-Zayas v. Our Lady of Consolation Geriatric Care Center*, 2023 WL 2926286 (2d Cir. Apr. 13, 2023), Plaintiff's motion to remand is GRANTED because this Court lacks subject matter jurisdiction over the action.

## DISCUSSION

As argued in similar cases both in this district and across the country, Defendant Rutland Nursing Home, Inc. here premised removal on three grounds: (1) that the PREP Act completely preempts Plaintiff's state law claims; (2) that Defendant is subject to federal regulations, thus bringing them under the federal officer removal statute, 28 U.S.C. § 1442(a)(1); and (3) that Plaintiff's claims "arise under" federal law, pursuant to 28 U.S.C. § 1331 and the *Grable* doctrine, *see Grable & Sons Metal*

*Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). (*See* Notice of Removal at ¶ 42; Def. Mem. at 9-25.)

These three arguments raised by Defendant were squarely rejected by the Second Circuit in *Solomon v. St. Joseph Hospital*:

> We conclude that removal to federal court was improper because the district court lacked jurisdiction to hear the case. First, Solomon's state-law claims are not completely preempted by the PREP Act. Second, there is no jurisdiction under the federal-officer removal statute because Defendants did not "act under" a federal officer. Finally, Solomon's claims do not "arise under" federal law. We thus vacate the district court's order and remand with directions to remand the case to state court.

*Id.* at 57-58; *see also Rivera-Zayas v. Our Lady of Consolation Geriatric Care Center*, 2023 WL 2926286, at *2-*4 (2d Cir. Apr. 13, 2023) (summary order) (applying *Solomon* to reject defendant's arguments for removal on the same three grounds, and affirming district court's remand to state court for lack of subject matter jurisdiction).

Moreover, multiple actions in this district have been remanded to state court following *Solomon*. *See, e.g., Lewis-Briggs v. Concord Nursing Home, Inc. et al.,* No. 22-cv-04953 (KAM), Docket No. 10 (E.D.N.Y. May 8, 2023); *Estate of Evelyn Gengenbach v. East Northport Residential Health Care Facility, Inc. et al.,* No. 23-cv-01473 (MKB), Docket No. 9 (E.D.N.Y. Mar. 29, 2023); *Ross-*

*Gill v. Ditmas Park Rehabilitation & Care LLC et al.*, No. 23-cv-01483 (PKC), Mar. 8, 2023 Docket Order (E.D.N.Y. Mar. 8, 2023).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand is GRANTED because this Court lacks subject matter jurisdiction over the action.  The Clerk of Court is respectfully directed to remand this entire action to the Supreme Court of New York, Kings County under docket number 509554/2022, and terminate this case.

**SO ORDERED.**

Hon. Kiyo A. Matsumoto
United States District Judge
Eastern District of New York

Dated:     May 11, 2023
           Brooklyn, New York